Law Library

# IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,                          )          CRIMINAL CASE NO. CF0085-08
                                         )
    vs.                                  )
                                         )          **DECISION AND ORDER**
ROBERT DUENAS VILLAGOMEZ,                )
                                         )          **On Defendant's**
       Defendant.                      )          **Motion to Dismiss**
                                         )
_____  )

## I. INTRODUCTION

This matter came before the HONORABLE VERNON P. PEREZ on November 5, 2008, on Defendant Robert Duenas Villagomez's Motion to Dismiss Pursuant to 9 G.C.A. § 1.26(a)(2). Assistant Attorney General Sally A. Tobin appeared on behalf of the People of Guam. Attorney F. Randall Cunliffe appeared on behalf of Defendant Villagomez. Having considered the parties' oral arguments and written submissions, the Court now issues its ruling.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Defendant brings this motion based on events that have transpired in another case, People v. Villaaomez, Superior Court of Guam Criminal Case No. CF0416-07. On September 11, 2007, the grand jury returned an indictment in Criminal Case No. CF0416-07, charging Defendant Villagomez with First Degree Criminal Sexual Conduct as a first degree felony; two counts of Second Degree Criminal Sexual Conduct as a first degree felony; Third Degree Criminal Sexual Conduct as a second degree felony; and two counts of Child Abuse as a misdemeanor. The charges rested on allegations that Defendant had had sexual relations with D.N., a 13-year-old girl, and C.G., a 16-year-old girl.

Jury selection in Criminal Case No. CF0416-07 commenced before the Honorable Anita

*People of Guam v. Robert Duenas Villagomez*
Decision and *Order* (Motion to Dismiss)
Criminal Case No. CF0085-08

- Page 1 of 19 -

A. Sukola on February 1, 2008. A jury was empaneled and sworn on February 18, 2008. On February 20, 2008, Defendant filed a motion for mistrial. After the Court denied his motion, Defendant and the People entered into plea negotiations. On February 26, 2008, the People filed a new information and the Court accepted Defendant's plea of guilty to lesser charges of Third Degree Criminal Sexual Conduct as a second degree felony in violation of 9 G.C.A. § 25.25(a)(1), and Child Abuse as a misdemeanor.in violation of 9 G.C.A. § 31.30(a)(1) and (b). The Court has yet to sentence Defendant in Criminal Case No. CF0416-07, and final judgment remains to be entered in that case.

On February 14, 2008, the grand jury returned an indictment in the instant case, charging Defendant Villagomez with three counts of Third Degree Criminal Sexual Conduct as a second degree felony in violation of 9 G.C.A. § 25.25(a)(1). The charges stemmed from allegations that Villagomez engaged in sexual relations with C.W.A., a 15-year-old girl who was to have been a witness at Villagomez's aborted trial. The indictment alleges that Villagomez caused his penis to penetrate the vagina of C.W.A., a minor between the ages of fourteen and sixteen, on two separate occasions during the period between August 1, 2005, and March 19, 2006. The indictment also alleges one instance of oral penetration of the minor's vagina by Defendant during the same time period.

In the meantime, Defendant's counsel withdrew due to conflict based on his discovery that he represented one of the government's witnesses. Current counsel was appointed to represent Villagomez in both Criminal Case No. 0416-07 and Criminal Case No. 0085-08. Judge Sukola recused herself from both matters based on a conflict with current counsel.

On September 24, 2008, Villagomez submitted a Motion to Dismiss Pursuant to 9 G.C.A. § 1.26(a)(2). The People filed an Opposition on October 17, 2008. Defendant filed a Reply on

*People of Guam v. Robert Duenas Villagomez*
Decision **and** *Order* (Motion to Dismiss)
Criminal Case No. CF0085-08

- Page 2 of 19 -

October 27, 2008.

The Court held a hearing on Defendant's motion to dismiss on November 5, 2008. At the hearing, the defense introduced, and the Court admitted for purposes of this motion, five exhibits:

(1) Exhibit A, an excerpt from a police report by Special Agent A.T. Kuper re interview with C.W.A., the victim in this case.
(2) Exhibit B, an excerpt from a police report by Special Agent R.S. Cruz re interview with Defendant Villagomez.
(3) Exhibit C-1, an excerpt from a police report by Special Agent A.T. Kuper re interview with P.W., a minor.
(4) Exhibit D, a discovery receipt form dated 09/14/07, from the Attorney General's Office, acknowledged by Villagomez's former counsel, the Alternate Public Defender's Office, for discovery pages 1-54.
(5) Exhibit E, a discovery receipt form dated 03/21/08, from the Attorney General's Office, for delivery to Villagomez's former counsel, Attorney Thomas J. Fisher, for three CDRs containing (a) GPD photos, (b) AG photos, and (c) GPD compilement reports.

Following the hearing, the Court took the motion under advisement. The Court now issues its ruling.

### III. DISCUSSION

**A. Legal Standards Governing Double Jeopardy and Compulsory Joinder**

The Organic Act, like the Fifth Amendment to the United States Constitution, guarantees that "[n]o persons shall be subject for the same offense to be twice put in jeopardy of punishment." 48 U.S.C. § 1421b(d); see U.S. Const. Amend. V, cl. 2 ("[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb".). The Supreme Court of Guam has recognized that "the Double Jeopardy Clause protects against successive prosecutions as well as successive criminal punishments for the same crime." People v. San Nicolas, 2001 Guam 4, ¶ 8.

Section 1.26 of the Guam Criminal Code codifies the guarantee against double jeopardy

*People of Guam v. Robert Duenas Villagomez*
Decision and *Order* (Motion to Dismiss)
Criminal Case No. CF0085-08
**-Page 3** of 19 -

and provides in pertinent part:

> A prosecution of a defendant for a violation of a different provision of the statutes or based on different facts than a former prosecution is barred by such former prosecution under the following circumstances:
>     (a) The former prosecution resulted in ... a conviction as defined in § 1.24 and the subsequent prosecution is for:
>         ...
>         (2) any offense of which the defendant should have been tried on the first prosecution under Subsection (b) of § 65.30 of the Criminal Procedure Code unless the court ordered a separate trial of the charge of such offense. ...

9 G.C.A. § 1.26(a)(2).

Section 1.24 of the Guam Criminal Code defines a conviction to include "a plea of guilty accepted by the court", provided that "failure to enter judgment [does not result fiom] a motion of the defendant." 9 G.C.A. § 1.24(c).

Section 65.30 of the Guam Criminal Procedure Code, the compulsory joinder rule, provides in pertinent part:

> Except as otherwise provided by § 65.35 [(which authorizes the court to order separate trials under certain circumstances)], a defendant shall not be subject to separate trials for multiple offenses based on the same conduct or arising fiom the same criminal episode, if such offenses are known to the prosecuting attorney at the time of the commencement of the first trial.

8 G.C.A. § 65.30(b). "The object of the compulsory joinder rule is simply to prevent the prosecution fiom substantially proving a crime in a trial in which that crime is not charged, and then prosecuting the defendant in a subsequent trial using evidence presented in the earlier trial." State v. Arculeo, 36 P.3d 305,312 (Kan. Ct. App. 2001).

Thus, under Guam's double jeopardy statutes, a defendant who pleads guilty to an offense subject to compulsory joinder with a second offense may not be separately tried for the second offense. The typical remedy for a violation of the compulsory joinder rule is dismissal

*People of Guam v. Robert Duenas Villagomez*
Decision and *Order* (Motion to Dismiss)
Criminal Case No. CF0085-08
- Page 4 of 19 -

with prejudice of the charges in the second prosecution. See, e.g., United States v. Allen, 539 F. Supp. 296, 306 (C.D. Cal. 1982) (finding a single conspiracy and dismissing with prejudice subsequent indictment charging defendants with mail fi-aud and conspiracy involving kickbacks to other suppliers where defendants had already been tried for mail fi-aud and conspiracy involving kickbacks to one supplier). To persuade a court that an earlier prosecution bars second prosecution, a defendant must show that:

(1) the earlier prosecution resulted in a conviction;
(2) the second prosecution either
   (a) is based on the same criminal conduct, or
   (b) arises from the same criminal episode; and
(3) the prosecutor was aware of the charges in the second prosecution when trial commenced in the earlier prosecution.

The Court now turns to the merits of Defendant's motion.

## B. Whether the Earlier Prosecution Resulted in a Conviction

"[A]n accused must suffer jeopardy before he can suffer double jeopardy." Serfass v. United States, 420 U.S. 377, 393, 95 S. Ct. 1055, 1065, 43 L. Ed. 2d 265 (1975); accord United States v. Wong, 62 F.3d 1212, 1214 (9th Cir. 1995). In his Memorandum of Points and Authorities in Support of Motion to Dismiss Pursuant to 9 G.C.A. § 1.26(a)(2), Defendant Villagomez indicates that he "was being proceeded against in a jury selection for an offense arising out of the same criminal episode", but does not elaborate on the outcome of that earlier proceeding.

In a criminal action, "jeopardy attaches when a jury is empaneled and sworn." Serfass, 420 U.S. 377 at 388. In addition, jeopardy attaches at the time a guilty plea is accepted by the court. United States v. Smith, 912 F.2d 322, 324 (9th Cir. 1990). However, these principles do not necessarily end a court's inquiry into the attachment of jeopardy.

*People of Guam v. Robert Duenas Villagomez*
Decision and Order (Motion to Dismiss)
Criminal Case No. CF0085-08

- Page 5 of 19 -

In United States v. Baggett, 901 F.2d 1546 (11th Cir.), cert. denied, 498 U.S. 862, 111 S. Ct. 168, 112 L. Ed. 2d 133 (1990), after the jury was empaneled and sworn and the government gave its opening statement, the parties reached a plea agreement: the defendant agreed to cooperate with the government in its ongoing investigation and plead guilty to lesser charges; in return, the government agreed to seek a lesser sentence for the defendant and dismiss the more serious charges. Baggett, 901 F.2d at 1547. The court accepted the defendant's plea. Id. at 1548. Later, however, at sentencing, upon finding that the defendant had not substantially cooperated, the court refused to give the lesser sentence promised by the government. Instead, the court permitted the defendant to withdraw his guilty plea and set the matter for trial. The defendant moved to dismiss the charges based on double jeopardy grounds because, in the previous proceeding, the jurors had been sworn and the trial had commenced. The trial court denied the motion and the defendant appealed.

The Eleventh Circuit Court of Appeals held that the defendant could be retried on the lesser charges to which he had pleaded guilty because he had successfully withdrawn his guilty plea to those charges. Id. at 1549. Similarly, the defendant could be retried on the greater charges which had been dismissed because "a defendant should not be able to reject a plea bargain and then erect the shield of double jeopardy to the revived counts". Id. at 1550 (quoting Fransaw v. Lynaugh, 810 F.2d 518, 526 (5th Cir.), cert. denied, 483 U.S. 1008, 107 S. Ct. 3237, 97 L. Ed. 2d 742 (1987)).

For purposes of deciding this motion, the Court takes judicial notice of certain events in Criminal Case No. CF0416-07, which, following Judge Sukola's recusal, is now assigned to this Court. See Guam R. Evid. 201 (governing judicial notice). A review of the record in Criminal Case No. CF0416-07 shows that a trial jury was empaneled and sworn. The Court heard

*People of Guam v. Robert Duenas Villagomez*
**Decision and Order (Motion to Dismiss)**
**Criminal Case No. CF0085-08**

- Page 6 of 19 -

counsels' opening statements and the government began presenting testimonial evidence in its case-in-chief. The trial stopped when Defendant Villagomez entered into plea negotiations with the government after his unsuccessful motion for mistrial.

The Court accepted Defendant's plea in Criminal Case No. CF0416-07 and the plea was filed on February 26, 2008. The Court ordered a presentence investigation report and set a date for sentencing. Due to the change in defense counsel and Judge Sukola's recusal, sentencing in Criminal Case No. CF0416-07 has not taken place. Defendant's current counsel indicated to the Court on June 24, 2008, that he was reviewing the possibility of withdrawing the guilty plea in Criminal Case No. CF0416-07. Later, Defendant Villagomez filed the motion to dismiss in Criminal Case No. CF0085-08.

Under section 1.24 of the Guam Criminal Code, a conviction includes a plea of guilty accepted by the court. <u>See</u> 9 G.C.A. § 1.24(c). The statute provides that, in the case of a guilty plea accepted by the court, "failure to enter judgment must be for a reason other than a motion of the defendant." <u>Id.</u> In this case, the Court accepted Villagomez's guilty plea to lesser charges, but Villagomez later indicated that he might withdraw his plea.

<u>Baggett</u> teaches that Villagomez cannot withdraw his guilty plea to the lesser charges in Criminal Case No. CF0416-07 and then argue double jeopardy if the government prosecutes him on those charges or revives the greater charges which were dismissed. It logically follows that Villagomez may not reject his guilty plea in Criminal Case No. CF0416-07 and then erect the shield of double jeopardy to the charges in this case which he claims were subject to compulsory joinder with the charges in Criminal Case No. CF0416-07. As long as Villagomez does not move to withdraw his guilty plea but instead proceeds to sentencing and final judgment, the Court will deem Villagomez to have been convicted in the earlier prosecution for purposes of his

*People of Guam v. Robert Duenas Villagomez*
**Decision and Order (Motion to Dismiss)**
**Criminal Case No. CF0085-08**

- Page 7 of 19 -

motion to dismiss the instant prosecution.

## C. Whether the Prosecutor was Aware of the Charges in the Second Prosecution before Trial Commenced in the Earlier Prosecution

Defendant's motion centers on the third item in the list of burdens a defendant must carry in order to persuade a court to dismiss a second prosecution on grounds of violation of the compulsory joinder rule, namely, the requirement that a convicted defendant show that the prosecutor knew of the charges in the second prosecution when trial commenced in the earlier prosecution. See 8 G.C.A. § 65.30(b). In its opposition, the government denies having the necessary knowledge at the time Villagomez's trial commenced in Criminal Case No. CF0416-07. In addition, the government points out that section 65.35 of the Guam Criminal Procedure Code discourages joinder when doing so would prejudice the People. See 8 G.C.A. § 65.35 ("If it appears that a defendant or the government is prejudiced by a joinder of offenses . . . in an indictment . . . or by such joinder for trial together, the court may order an election or separate trials of counts. . . ."). The government claims that, because the victim in this case came forward at such a late stage in the proceedings in Criminal Case No. CF0416-07, if the offenses against her had been joined with the offenses being tried in Criminal Case No. CF0416-07, the government would have suffered prejudice from having to restart the trial.

In his motion to dismiss, Defendant Villagomez posits the following version of events:

> At the time of his Indictment [in Criminal Case No. 416-07], the Government had information which suggested Defendant VILLAGOMEZ had committed the crimes for which he was indicted in the underlying proceeding. The victim in this proceeding indicated to the police that no wrongdoing had occurred, but other witnesses told police that indeed the charges for [sic] which are being pursued in this proceeding had occurred. The Government did not get around to interviewing the victim of this proceeding in a timely fashion, and it was not until they were in jury selection in Criminal Case No. CF0416-07, that the Office of the Attorney General interviewed the witnesses and was informed that the previous statements by witnesses of her being a victim of criminal sexual conduct were

*People of Guam v. Robert Duenas Villagomez*
Decision and *Order* (Motion to Dismiss)
Criminal Case No. CF0085-08
-Page 8 of 19 -

true. Following their interviews with the victim herein, the Attorney General's Office obtained the underlying indictment herein on February 14, 2008. At that time, Defendant was being proceeded against in a jury selection for an offense arising out of the same criminal episode.

Def.'s Mem. of P. & A. in Supp. of Mot. to Dismiss Pursuant to 9 G.C.A. § 1.26(a)(2) (Sept. 24, 2008), at 1-2.

In support of his contention that the People knew about the victim's allegations in this case at the time of his trial in Criminal Case No. CF0416-07, Villagomez presented five exhibits. Exhibits A, B, and C-1 contain excerpts from police reports which the People provided to the defense in discovery. Exhibits D and E are receipts for discovery delivered by the People to the defense on September 14, 2007, and March 21, 2008, respectively.

Exhibit A contains an excerpt of Special Agent A.T. Kuper's police report summarizing his interview of C.W.A., the victim in this case, on August 29, 2007. Exhibit A, with pages numbered 33 and 34, appears to be part of the discovery delivered to the defense on September 14, 2007. The report states that C.W.A. denies any sexual activity between her and Defendant:

> She stated that Bob is an old man who [C.G.] has sex with to get illegal drugs ("Marijuana") and cash; stating that she also went strolling with Bob, however, she does not to [sic] that (have sex). She further stated that [C.G.] would tell her that she has sex to get what she wants from Bob. She did state that while strolling with Bob, he would ask her to have sex but when [she] would tell him no, so he'll drop her back to her house.
> . . . .
> She further stated that she did not witness these acts [between Bob and C.G.] for herself and does not participate in sexual acts with Bob. No other information relative to this case was provided and no written statement was submitted.

Ex. A, Discovery at pp. 33-34.

Exhibit B contains an excerpt of Special Agent R.S. Cruz's police report summarizing his interview of Defendant Villagomez on August 31, 2007. Exhibit B, with pages numbered

*People of Guam v. Robert Duenas Villagomez*
**Decision and Order (Motion to Dismiss)**
**Criminal Case No. CF0085-08**

- Page 9 of 19 -

192-95, appears to be part of the discovery delivered to the defense on March 21, 2008. The report states that Defendant admitted to having sex only with non-minors: "He stated that the ones he succeeded in having sex with, are their older sister, cousin and aunt, ranging from 18, 19, 20, years old. Mr. Villagomez will not reveal their names." Ex. B, Discovery at p. 194.

Exhibit C-1 contains an excerpt of Special Agent A.T. Kuper's police report summarizing his interviews of a witness, P.W., a minor, on September 4, 2007. Exhibit C-1, with page numbered 134 and 135, appears to be part of the discovery delivered to the defense on March 21 2008. The report states:

> [P.W.] mentioned that a male individual known to him as "Bob" [Defendant] would pick up [C.W.A.], [C.G.] and [D.N.]. He also mentioned that [C.W.A.] would go with Bob an[d] come back with cigarettes, Marijuana, and beetle nut [sic] which she told him that she gets from Bob, but he doesn't know why. He doesn't know or hasn't seen first hand, only heard stories about [C.G.]. He has only seen Bob pick up [D.N.] and [C.W.A.] and dropped them off with things, and he has only heard that they would have sex with them [sic; he has also heard the girls say Korete."

Ex. C-1, Discovery at p. 135.

The evidence provided by Villagomez shows that the two persons present at the time of the alleged offense, i.e., Defendant and his victim C.W.A., initially denied that anything had occurred. The person with the greater incentive to admit to the existence of the offense, i.e., the victim C.W.A. rather than the accused Villagomez, initially denied that it had occurred. As result, the police interviews of the victim and Villagomez do not impart knowledge of the offense at the time trial commenced in Criminal Case No. CF0416-07.

To the Court's knowledge, the only statement obtained by the police that does not consist of mere denials is that of P.W. However, the information contained in P.W.'s statement consists, at best, of innuendo and hearsay. P.W. was not an eyewitness to any sexual activity betwee

*People of Guam v. Robert Duenas Villagomez*
**Decision and Order (Motion to Dismiss)**
**Criminal Case No. CF0085-08**

- Page 10 of 19 -

Villagomez and C.W.A., and P.W. admits lack of personal knowledge. Thus, Villagomez's evidence does not support a finding that the prosecuting attorney knew of the offense at the start of the trial in Criminal Case No. CF0416-07.

Next, Defendant's evidence shows that the police spoke with P.W. on September 4, 2007. The exhibits show that the People delivered to the defense a copy of the report summarizing P.W.'s interview on March 21, 2008, after trial had already commenced. Thus, even if P.W.'s interview could be characterized as imparting knowledge of the offense, the evidence shows only that the police had such knowledge prior to the commencement of trial. This does not necessarily lead to the conclusion that the prosecuting attorney had knowledge.

In the absence of controlling case law interpreting when an offense is "known to the prosecuting attorney" under Guam's compulsory joinder statute, the Court looks to jurisdictions with similar laws. See, e.g., Gibbs v. Holmes, 2001 Guam 11, ¶ 15 (finding it appropriate to seek "guidance in the case law of those jurisdictions that have adopted worker's compensation statutes that are substantially similar to Guam's statutes"). Hawaii has a double jeopardy statute similar to section 1.26 of the Guam Criminal Code which provides in pertinent part:

> Although a prosecution is for a violation of a different statutory provision or is based on different facts, it is barred by a former prosecution under any of the following circumstances:
> (1) The former prosecution resulted in … a conviction as defined in section 701-110(3) [(which includes a plea of guilty accepted by the court)] and the subsequent prosecution is for:
> . . . .
> (b) Any offense for which the defendant should have been tried on the first prosecution under section 701-109 unless the court ordered a separate trial of the offense[.]

Haw. Rev. Stat. § 701-111(1)(b).

Hawaii also has a compulsory joinder statute similar to section 65.30 of the Guam

*People of Guam v. Robert Duenas Villagomez*
Decision and *Order* (Motion to Dismiss)
Criminal Case No. CF0085-08
-Page 11 of 19 -

Criminal Code. The Hawaii statute reads in pertinent part:

> Except as provided in subsection (3) of this section [(authorizing the court to order separate trials)] a defendant shall not be subject to separate trials for multiple offenses based on the same conduct or arising from the same episode, if such offenses are known to the appropriate prosecuting officer at the time of the commencement of the first trial and are within the jurisdiction of a single court.

Haw. Rev. Stat. § 701-109(2).

With the exception of the single jurisdiction requirement, which is not relevant here, the Hawaii double jeopardy and compulsory joinder statutes are substantially similar to the Guam statutes at issue in this case. Given these similarities, therefore, this Court finds it appropriate to look to Hawaii case law for guidance to determine whether to impute the knowledge of the police to the prosecuting attorney.

In State v. Solomon, 596 P.2d 779 (Haw. 1979), the Supreme Court of Hawaii, interpreting the compulsory joinder statute, held that "[p]olice officers are not 'prosecuting officers' within the meaning of HRS 701-109(2)." Id. at 782 (citing Illinois court's interpretation of a similar Illinois statute in People v. Pohl, 197 N.E.2d 759 (Ill. App. Ct. 1964)). The court in Solomon based its holding on the dictionary definitions of a "prosecutor" as "a person who institutes an official prosecution before a court often by appearing as the chief witness before a grand or petit jury or before a magistrate", and a "police officer" as "[o]ne of the staff of men employed in cities and towns to enforce the municipal police, i.e., the laws and ordinances for preserving the peace and good order of the community." Solomon, 596 P.2d at 782 (quoting, respectively, Webster's Third New International Dictionary and Black's Law Dictionary). The Hawaii Supreme Court concluded that "a police officer does not, nor is he authorized to, perform the function of a 'prosecutor.' " Solomon, 596 P.2d at 782. As a result, knowledge of a police officer was not knowledge of the prosecuting officer. Id.

*People of Guam v. Robert Duenas Villagomez*
**Decision and Order (Motion to Dismiss)**
**Criminal Case No. CF0085-08**
-Page 12 of 19 -

Guam's compulsory joinder law is even more specific than Hawaii's. The Hawaii statute refers to the knowledge of a "prosecuting officer", see Haw. Rev. Stat. § 701-109(2), whereas the Guam statute refers to the knowledge of a "prosecuting attorney." See 8 G.C.A. § 65.30(b). The specificity of the Guam law forecloses the type of quibbling raised in the Solomon case, because a police officer is not an attorney.

In Villagomez's case, the police interviewed P.W. on September 4, 2007, before trial began. The People delivered the report of this interview on March 21, 2008, after trial began. Even if the interview with P.W. could be said to have imparted knowledge of the offense charged in Criminal Case No. CF0085-08, the exhibits show that only the police had this knowledge at the commencement of trial. For purposes of the compulsory joinder statute, however, the police do not equate to the prosecuting attorney. Thus, the evidence does not support a finding that the *prosecuting attorney* knew of the offense charged in Criminal Case No. CF0085-08 at the time trial commenced in Criminal Case No. CF0416-07.

Moreover, Villagomez admits in his motion that the People did not gain knowledge until after trial commenced. Villagomez blames this on prosecutorial laziness. He alleges that there were "witnesses" who had heard that he was having sexual relations with C.W.A. However, Villagomez points the Court to only one witness, P.W. Based on the paucity of lead information in P.W.'s statement, the Court cannot fault the government's investigation. Finally, the Court agrees that, under section 65.35 of the Guam Criminal Procedure Code, adding a new victim and new charges at such a late stage in the proceedings Criminal Case No. CF0416-07 would have prejudiced not only the People but also the defense. See 8 G.C.A. § 65.35 (permitting court to order separate trials if joinder of offenses will prejudice either a defendant or the government).

Since Villagomez's evidence does not support a finding both that (1) knowledge of the

*People of Guam v. Robert Duenas Villagomez*
**Decision and Order (Motion to Dismiss)**
**Criminal Case No. CF0085-08**

-Page 13 of 19 -

offense in Criminal Case No. CF0085-08 existed at the start of the trial in Criminal Case No. CF0416-07 and (2) the prosecuting attorney had this knowledge at the trial's start, the Court concludes that Villagomez has not met his burden under section 65.30(b) of showing that the People violated the compulsory joinder statute.

**D. Whether the Second Prosecution is Based on the Same Criminal Conduct or Arises from the Same Criminal Episode**

As an alternative basis for its decision, the Court addresses the final item in the list of burdens a defendant must meet in order to have a second prosecution dismissed for violation of the compulsory joinder statute. In addition to showing that the prosecutor was aware of the charges in the second prosecution, a convicted defendant must also show that the offenses charged in the second prosecution are based on the same criminal conduct or arise from the same criminal episode charged in the earlier prosecution. See 8 G.C.A. § 65.30(b).

Villagomez asserts, without elaborating, that the offenses charged in Criminal Case No. CF0085-08 arise from the same criminal episode as the offenses charged in the earlier prosecution, Criminal Case No. CF0416-07. See Def.'s Mem. at 2 ("At that time, Defendant was being proceeded against in a jury selection for an offense arising out of the same criminal episode."). The government, in response, contends that, due to "significant factual variances", the cases cannot be characterized as being based on the same criminal conduct or arising from the same criminal episode. People's Opp'n to Def.'s Mot. to Dismiss (Oct. 12, 2008), at 3. In the absence of controlling case law interpreting the "same criminal episode" element of Guam's compulsory joinder statute, the Court looks to jurisdictions with similar laws.

In Pennsylvania, the compulsory joinder rule entails a four-part test for determining whether a later prosecution bars an earlier prosecution:

*People of Guam v. Robert Duenas Villagomez*
Decision and Order (Motion to Dismiss)
Criminal Case No. CF0085-08
-Page 140f 19 -

> (1) the former prosecution resulted in an acquittal or a conviction;
> (2) the current prosecution is based on the same criminal conduct or arose from the same criminal episode;
> (3) the prosecutor is aware of the current charges before the commencement of the trial of the former charges; and
> (4) the current charges and the former charges are within the jurisdiction of a single court.

Commonwealth v. M.D.P., 831 A.2d 714, 718 (Pa. Super. Ct. 2003) (referring to 18 Pa. Cons. Stat. Ann. § 110(1)(ii)), appeal denied, 847 A.2d 1281 (Pa. 2004).

With the exception of the single jurisdiction requirement, which is not relevant here, the Pennsylvania compulsory joinder statute at issue in M.D.P. is substantially similar to the Guam statute at issue in this case. Therefore, this Court finds it appropriate to look to Pennsylvania case law for guidance to determine whether the current prosecution is based on the same conduct or arises from the same criminal episode as Defendant Villagomez's earlier prosecution in Criminal Case No. CF0416-07.

In M.D.P., a defendant challenged his prosecution on compulsory joinder grounds. M.D.P., 831 A.2d at 716. In the first prosecution, the government charged the defendant with sexual offenses against his minor son R.P. for six incidents in June and July of 2000. Id. The defendant pleaded guilty and was sentenced. Id.

Prior to his plea and sentencing, the defendant admitted to police that he had engaged in sexual contact with his two other minor sons, A.P. and J.P., fi-om May to August of 2000. Id. Following his plea and sentencing in the first prosecution, the government commenced a second prosecution, charging the defendant with sexual offenses against all three boys for incidents occurring fi-om May to September of 2000. Id. at 716-17. On the defendant's motion, the trial court dismissed the charges involving R.P. but denied the motion on the charges involving A.P. and J.P. Id. at 717. The defendant launched an interlocutory appeal, arguing, *inter alia*, that the

*People of Guam v. Robert Duenas Villagomez*
**Decision and *Order* (Motion to Dismiss)**
**Criminal Case No. CF0085-08**
-Page 15 of 19 -

compulsory joinder ruled barred the second prosecution in its entirety. Id; at 718.

The court observed that the parties disputed only the second prong of the four-part test, i.e., whether the charges in the second prosecution were based on the same criminal conduct or arose from the same criminal episode as the charges in the first prosecution. To determine whether this was the case, the court considered two factors comprising, in essence, an inquiry into the totality of the circumstances: "(1) the logical relationship between the acts; and (2) the temporal relationship between the acts." M.D.P., 831 A.2d at 718-19 & n.3. The existence of a logical relationship would entail "substantial duplication of factual, and/or legal issues presented by the offenses." Id. at 719.

In examining the record, the reviewing court in M.D.P. found some overlap in the legal issues because the defendant pleaded guilty in the first prosecution to indecent assault of R.P., and was charged in the second prosecution with indecent assault of A.P. and J.P., as well as other charges. Id. at 720. However, the court concluded that this minimal duplication of legal issues did not warrant dismissal of charges. Id.

In addition, the first prosecution and the second prosecution featured different facts. Id. In the first prosecution involving R.P., because R.P. was alone with the defendant at the time of the incidents, only R.P. could testify to what had transpired between him and the defendant. In the second prosecution, on the other hand, A.P. and J.P. would testify to what had happened. "[T]he two prosecutions present[ed] wholly different witnesses and, thus, [we]re not logically related." Id.

Moreover, the acts complained of in the two prosecutions were "qualitatively different"—genital rubbing in the first prosecution, versus oral sex and anal penetration in the second prosecution. Id. at 721. Thus, the two prosecutions "contain[ed] evidence of different

*People of Guam v. Robert Duenas Villagomez*
Decision *and Order* (Motion to Dismiss)
Criminal Case No. CF0085-08

- Page 16 of 19 -

conduct." Id. at 720. Seeing no need to reach the issue of temporal relationship, the court in M.D.P. affirmed the denial of the defendant's motion to dismiss, concluding that "since the two cases present different legal questions and present different facts because they rely on different witnesses and contain different evidence, the two prosecutions are not logically related. Therefore, they are not contained within a single criminal episode." Id. at 721.

To determine whether the charges in Villagomez's second prosecution are based on the same criminal conduct or arise from the same criminal episode as the charges in his earlier prosecution, the Court considers the two factors identified in M.D.P., namely, the logical relationship between the acts, and the temporal relationship between the acts. In the earlier case, Villagomez pleaded guilty to Third Degree Criminal Sexual Conduct based on his engaging in sexual intercourse with a physically helpless victim, 13-year-old D.N., whom he plied with marijuana and vodka during the period between June 1, 2007, and July 31, 2007; and Child Abuse based on his cruel mistreatment of 16-year-old C.G. by providing her with marijuana and vodka during the period between January 1, 2005, and November 21, 2007. In the current prosecution, Villagomez is accused of Third Degree Criminal Sexual Conduct for engaging in sexual intercourse on two occasions and oral sex on one occasion with 15-year-old C.W.A. during the period between August 1, 2005, and March 19, 2006.

As in M.D.P., the Court finds some overlap in legal issues here, because in both cases Villagomez faced charges of Third Degree Criminal Sexual Conduct. However, the overlap is minimal. The charge of Third Degree Criminal Sexual Conduct in Criminal Case No. CF0416-07 is based on section 25.25(a)(3) of the Guam Criminal Code, which entails proving that Defendant knew or had reason to know that his victim was "mentally defective, mentally incapacitated or physically helpless." 9 G.C.A. § 25.25(a)(3). In Criminal Case No. CF0085-08,

*People of Guam v. Robert Duenas Villagomez*
**Decision and Order (Motion to Dismiss)**
**Criminal Case No. CF0085-08**

- Page 17 of 19 -

on the other hand, the charge of Third Degree Criminal Sexual Conduct is based on section 25.25(a)(1) of the Guam Criminal Code, which entails proving that the victim was "at least fourteen (14) years of age and under sixteen (16) years of age." 9 G.C.A. § 25.25(a)(3). In addition, the earlier case involves a charge of Child Abuse, which is not charged in this case. The minimal legal overlap does not support the finding of a logical relationship between Villagomez's two cases.

Furthermore, as was the case in M.D.P., both Villagomez's prosecutions have different underlying facts. The victims in Criminal Case No. CF0416-07 were a 13-year-old, D.N., and a 16-year-o d, C.G. The victim in Criminal Case No. CF0085-08 was a 15-year-old, C.W.A. D.N. did not witness Defendant's criminal sexual conduct with C.W.A. C.W.A. did not witness Defendant's criminal sexual conduct with D.N. Thus, as in M.D.P., the two prosecutions of the Third Degree Criminal Sexual Conduct charges present wholly different witnesses and are not logically related.

The two prosecutions differ qualitatively as well. While Villagomez pleaded guilty to engaging in sexual intercourse with his victim of Third Degree Criminal Sexual Conduct in Criminal Case No. CF0416-07, he is charged with engaging in sexual intercourse with and performing oral sex on his victim in Criminal Case No. CF0085-08. Thus, the two cases do not arise from the same criminal conduct.

Finally, the two prosecutions involve different timefiames. The Third Degree Criminal Sexual Conduct in Criminal Case No. CF0416-07 took place between June 1, 2007, and July 31, 2007, whereas the Third Degree Criminal Sexual Conduct in Criminal Case No. CF0085-08 took place between August 1,2005, and March 19,2006.

Since Villagomez's two prosecutions present different legal questions and different facts

*People of Guam v. Robert Duenas Villagomez*
Decision and Order (Motion to Dismiss)
Criminal Case No. CF0085-08

- Page 18 of 19 -

because they rely on different witnesses and contain different evidence, the two prosecutions are not logically related. Because the events complained of took place at different times, they are not temporally related. Therefore, the two prosecutions do not arise fi-om a single criminal episode.

As a result, compulsory joinder is not needed to prevent the People fi-om substantially proving Villagomez's criminal offenses against C.W.A. in the earlier case in which those offenses were not charged, and then prosecuting Villagomez in a subsequent trial using his guilty plea from the earlier case. Villagomez has not met his burden under section 65.30(b) of showing that the People violated the compulsory joinder statute by trying him separately for offenses based on the same conduct or arising from the same criminal episode.

## IV. CONCLUSION

For the foregoing reasons, Defendant Robert Duenas Villagomez's Motion to Dismiss Pursuant to 9 G.C.A. § 1.26(a)(2) is hereby DENIED.

So ORDERED this 31st day of March, 2009.



_____
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

*People of Guam v. Robert Duenas Villagomez*
Decision and Order (Motion to Dismiss)
Criminal Case No. CF0085-08
-Page 19 of 19 -